UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

GLENN D. ODOM, II,  )
 )
    Plaintiff, ) Civil No. 0:18-007-HRW
 )
v. )
 )
CHRIS BARKER, ET AL., ) **MEMORANDUM OPINION**
 ) **AND ORDER**
    Defendants. )

\*\*\* \*\*\* \*\*\* \*\*\*

Glenn D. Odom, II, is a prisoner who was recently confined at the Little Sandy Correctional Complex in Sandy Hook, Kentucky. Proceeding without an attorney, Odom filed a civil rights complaint with this Court in which he alleges, among other things, that in August 2017 he was the victim of excessive force at the hands of the defendants. [D. E. No. 1].

This Court, however, will dismiss Odom's complaint without prejudice because it is apparent from his submission that he has not yet fully exhausted his administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (indicating that a district court may sua sponte dismiss a complaint when it is apparent that the claim is barred by an affirmative defense); *Fletcher v. Myers*, No. 5:11-cv-141-KKC (E.D. Ky. 2012), *aff'd*, No. 12-5630 (6th Cir. 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face

1

of his complaint, the district court properly dismissed Fletcher's complaint on that basis."). Indeed, Odom attached to his complaint an initial, informal grievance form that he filed with prison officials and, on that form, he clearly indicated that he was satisfied with the resolution of his grievance. [D. E. No. 1 at 5]. This is the only grievance form that Odom submitted to the Court, and he does not allege that he pursued additional administrative remedies with prison officials. In fact, although Odom filed his complaint on this Court's standard E.D. Ky. 520 complaint form, he omitted those pages of the form regarding exhaustion of administrative remedies. [D. E. No. 1 at 3-4 (skipping from page 3 of 8 to page 8 of 8)].

In light of the foregoing facts, it is clear that Odom did not fully exhaust his administrative remedies. Since exhaustion is mandatory under the Prisoner Litigation Reform Act, *see Jones*, 549 U.S. at 216, and Odom cites no justification for his failure to fully exhaust those remedies, the Court will dismiss his complaint without prejudice. Ultimately, Odom may still pursue this matter, but he must first fully exhaust his administrative remedies.

Accordingly, it is hereby **ORDERED** as follows:

1. Odom's complaint [D. E. No. 1] is **DISMISSED**, without prejudice.

2. Any and all pending motions are **DENIED AS MOOT**.

3. This action is **STRICKEN** from the Court's docket.

4. A corresponding judgment will be entered this date.

This 6th day of February, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge